**07     1: 274**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SPATT, J.**

-------------------------------------x
JACQUELYN MASSA                        COMPLAINT
                                       Index No.
                                       JURY TRIAL DEMANDED
                        Plaintiffs         FILED
                                        IN CLERKS OFFICE
-against-                              U.S. DISTRICT COURT E.D.N.Y

DEXTER REID, APPLEBEE'S NEIGHBORHOOD BAR & GRILL, JAN 19 2007
APPLEBEE'S INTERNATIONAL, INC., DOHERTY ENTERPRISES, INC.,
ED DOHERTY, CHUCK CYR, STACY KING                BROOKLYN OFFICE
                        Defendant
-------------------------------------x

     Plaintiff, by her attorney, Salvatore S. Russo, for
her complaint alleges:
 1. Plaintiff is, and at all times hereinafter mentioned
has been, a resident of Copiague, Suffolk County, New York.

 2. Plaintiff was an employee of an individual APPLEBEE'S
NEIGHBORHOOD BAR & GRILL (hereafter referred to as
"APPLEBEE'S), located in North Babylon, New York.

 3. Upon information and belief, defendant APPLEBEE'S
INTERNATIONAL, INC., headquartered in Overland Park,
Kansas, is an international corporation that develops,
franchises and operates APPLEBEE'S restaurants throughout
49 states and 17 international locations.

 4. Upon information and belief, defendant ED DOHERTY,
principle of defendant corporation DOHERTY ENTERPRISES,
INC., (hereafter referred to as "DOHERTY ENTERPRISES) was
during the relevant time period, and remains now, owner of
the APPLEBEE'S where plaintiff was employed, as well as
approximately 44 other APPLEBEE'S locations throughout the
tri-state area.

 5. Upon information and belief, defendant DOHERTY
ENTERPRISES is a corporation dedicated towards operating
franchise restaurants. DOHERTY ENTERPRISES owns and
operates 45 APPLEBEE'S locations, as well as 3 CHEVY'S and
9 PANERA BREAD BAKERY CAFE'S throughout New Jersey and New

York State.

6. Upon information and belief, defendants CHUCK CYR and STACY KING were managers at the APPLEBEE'S location where plaintiff was employed during the relevant time period.

7. Upon information and belief defendant DEXTER REID was an employee of APPLEBEE'S location where plaintiff was employed during the relevant time period.

8. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. 1983, Title VII of the Civil Rights Act of 1984 and New York State Executive Law 296 and 297.

9. In September, 2004, plaintiff was hired to work at the APPLEBEE'S location in North Babylon as a waitress.

10. In late October, 2004, defendant DEXTER REID told plaintiff that she "gave him a woody". When plaintiff told REID that she did not know what this meant, REID told manager CHUCK CYR what he had just told the plaintiff, and that she did not understand the term.

11. REID and CYR then told plaintiff that, in essence, REID had told her that she caused him to have an erection.

12. Plaintiff was shocked, disgusted and embarrassed for being told this. Plaintiff felt extremely uncomfortable.

13. On or about the second week of November, 2004, plaintiff was performing her duties in finding co-workers to sing "Happy Birthday" to a customer when defendant REID exited the kitchen. Plaintiff asked REID if he would join the group of co-workers to sing, and REID replied that he was too busy. REID then reached out with both hands in an effort to grab plaintiff's breasts.

14. Later on that same day, plaintiff informed her boyfriend, ANTHONY BARTOLIO, who informed his mother, BUNNY BARTOLIO. Mrs. BARTOLIO contacted defendant STACY KING and told her of defendant REID's assault on plaintiff. Upon

information and belief, KING told Mrs. BARTOLIO that she would speak to the other managers at the APPLEBEE's, and then speak to plaintiff.

15. When plaintiff returned to work, she was told by defendant CYR that he was aware of the situation, and that defendant KING would be speaking to her shortly.

16. Defendant KING never spoke to plaintiff.

17. In December of 2004, plaintiff was standing at a computer station in the APPLEBEE's speaking to ANTHONY BARTOLIO when she felt someone grabbing her buttocks. She turned to see who it was, and saw defendant REID.

18. That evening, plaintiff attempted to find the e-mail address of one of her managers, that she might report the continuous sexual harassment, but could not find said addresses. On her next work day, plaintiff spoke to defendant CYR and told him that he had to stop REID's constant harassment and assaults. Defendant CYR asked plaintiff what she wanted done about it, and she replied that she thought REID should not be allowed to work at the APPLEBEE'S.

19. Defendant CYR told plaintiff to submit her complaint in writing, and that within 24 hours of receipt of the message, REID would be suspended, pending an investigation of the complaint. CYR went on to say that a human resources employee named "Wendy" would contact plaintiff.

20. 24 hours after submitting her complaint, REID was still working at the APPLEBEE's, and plaintiff was forced to work with him.

21. A few days later, a man came to the restaurant, claiming he was there to investigate the complaint. He asked REID if he had ever touched plaintiff, and REID denied having ever touched the plaintiff.

22. REID was transferred to a different APPLEBEE's location shortly after the investigation.

23. After REID was transferred, plaintiff was given less desirable shifts at APPLEBEE's, including "slow" periods in the day, when few customers would be present, as well as shifts management was aware she could not work due to her school schedule.

24. Prior to submitting the written complaint of harassment, plaintiff had asked management for time off from December 23, 2004 until January 1, 2005, that she might go on a trip to Florida with her family. Management approved this request, and plaintiff's last day of work before the trip was December 22, 2004.

25. When plaintiff returned from her vacation, she was surprised to notice that she was not listed for any work hours. When she asked a manager, Keith, why she was not listed, he told her that she would have to speak to defendant CYR, who was not present.

26. Returning a few days later, plaintiff was again told to speak to defendant CYR, who was not present. The next day, she received all of her paychecks in the mail.

27. Several days after receiving her paychecks, plaintiff went to an APPLEBEE'S location in Lindenhurst, New York, and asked a manager there if she could work at that location, as she was not being given hours at the North Babylon APPLEBEE'S. The manager, KEITH J., said he would first have to speak to defendant CYR to see about a transfer.

28. Two weeks later, plaintiff was informed by KEITH J. that he could not hire her because she had been fired, and thus could not work at any APPLEBEE'S locations. KEITH J. told plaintiff that he was informed by CYR that she was

fired for lying about going on a trip to Florida with her
family.

29. Plaintiff did, in fact, go on a trip to Florida with
her, as she initially informed management.

30. Plaintiff contends that she was actually terminated for
submitting a complaint against defendant DEXTER REID.

WHEREFORE, plaintiff demands judgment that:

a) For the actions of the defendants, that plaintiff be
awarded $200,000.00 in compensatory damages and
$1,000,000.00 in punitive damages

b) The Plaintiff have such other and further relief as to
the Court may seem just and proper with the costs and
disbursements of this action and requiring Defendant to pay
Plaintiff's attorney's fees for this action.

of the injury and the subsequent litigation.

    Dated:   Brooklyn, New York
             December 20, 2006.


    Yours, etc.

    Salvatore S. Russo



    Salvatore S. Russo
    Attorneys for Plaintiffs
    50 Court Street, Suite 1000
    Brooklyn, N.Y. 11201
    718 875-0755